In the Matter of the Complaint of AMERICAN RIVER TRANSPORTATION CO., a corporation, for Exoneration From, or Limitation of, Liability.

No. 4:94 CV 1005 DDN.

United States District Court,
E.D. Missouri,
Eastern Division.

Nov. 17, 1995.

James K. Mondl, Simon Tonkin, Tonkin and Mondl, St. Louis, MO, for American River Transportation Company.

Steven J. Hughes, Rabbitt and Pitzer, St. Louis, MO, for Gary Holbert and George Holbert.

Richard A. Ameduri, Talbert and Mallon, Alton, IL, for John H. Conreux.

John H. Conreux, Godfrey, IL, pro se.

### *MEMORANDUM*

NOCE, United States Magistrate Judge.

This action is before the Court sua sponte for reconsideration of the findings of the Court, made orally on the record on November 16, 1995, concerning the counterclaim of petitioner American River Transportation Company against claimant Gary Holbert for salvage damages. On that date, also orally on the record, the Court entered judgment on partial findings in favor of petitioner and against all claimants, pursuant to Rule 52(c), Federal Rules of Civil Procedure. Thereafter, the Court considered further evidence and found that claimant Gary Holbert was liable to petitioner for salvage damages in the amount of $500.00. The parties consented to the exercise of authority by a United States Magistrate Judge under 28 U.S.C. § 636(c)(3).

In this case the Court denied the claims of Gary Holbert and George Holbert against petitioner for the loss of society damages resulting from the death of their father, Albert Holbert. At 2:45 p.m., on October 10, 1993, 53–year–old Gary Holbert began an ill-begotten camping trip with his 82–year–old father south on the Mississippi River from Alton, Illinois, intending to reach New Madrid, Missouri, in an overloaded motor boat. The river conditions were very dangerous and their boat was swamped by the wake of a commercial vessel, soon after they passed the St. Louis Arch on the day they began the trip. Gary Holbert climbed onto the exposed capsized portion of the bow of the motor boat

and his father hung onto the bow line. All floated down the cold Mississippi River for almost an hour until they were spotted by persons on the bank.

The Coast Guard was notified and broadcast a report of their peril. Shortly after 6:00 p.m., from their station at Reidy Terminal at mile 175 on the Upper Mississippi River, without any legal obligation to do so, the crews of the MV Jill Carolyn and the MV Andrea Leigh, two barge tugboats owned by petitioner American River Transportation Company, quickly brought their boats out onto the river to render assistance. The Andrea Leigh, a larger boat but slower and less maneuverable than the Jill Carolyn, moved aside to allow the Jill Carolyn room to attempt a rescue. At that time the Holberts and their capsized, partially submerged boat were in cold water, being swept in a strong southwest current which set in toward a group of fleeted barges at Reidy Terminal. With less than a minute of time available to effect a rescue, Jeffrey Terrell, the captain of the Jill Carolyn, with great skill maneuvered the Jill Carolyn across the front of the fleeted barges toward the river bank, made a 180 degree turn and then a 45 degree turn upriver to position his boat between the nearby barges and the imperilled Holberts. The Jill Carolyn then was in great peril of being swept into the barges, with the likelihood of being capsized and the crew drowned.

In the rescue effort, as the stern of the Jill Carolyn was falling off toward the barges, deckhand Randy Miller twice threw Gary Holbert a buoyant line which Holbert ultimately grabbed. Deckhand Eric Hampton threw a line to Albert Holbert. However, Albert, probably due to shock, did not respond or grab the line. He and the capsized motor boat were swept past the Jill Carolyn and under the fleeted barges. Miller was unable to pull Gary Holbert onto the deck of the Jill Carolyn by himself. Instead, at great peril to himself, he grabbed Holbert's life jacket and held on until Hampton assisted him in bringing Holbert onto the deck. In this fashion, Gary Holbert's life was saved.

Gary Holbert was quickly transferred to the Andrea Leigh and the Jill Carolyn then went in search of Albert Holbert. The deckhands of the Jill Carolyn, again at great peril to themselves, quickly loosened the moorings of the fleeted barges to allow the recovery of Albert Holbert. He was soon found, having surfaced with the motor boat on the downriver side of the fleeted barges. He and Gary Holbert were transferred to emergency medical personnel on shore. Albert Holbert died from drowning, after being exposed to the cold river water for an extended period of time and after being swept under the fleeted barges; Gary Holbert needed no medical attention. He immediately returned to his home without comment to his rescuers. After its investigation, the United States Coast Guard issued a commendation award to the captain and crew of the Jill Carolyn for their heroic efforts in saving Gary Holbert and in attempting to save Albert Holbert.

This judicial action was initially commenced in the Circuit Court of the City of St. Louis, when Gary Holbert and George Holbert, the surviving sons of Albert Holbert, sought monetary damages from petitioner, and from the captain of the Jill Carolyn personally, for the alleged wrongful death of Albert Holbert. Petitioner was granted injunctive relief from that suit by this Court under the Limitation of Liability Act, 46 U.S.C.App. §§ 181–195. Thereafter, during a non-jury trial, this Court granted judgment upon partial findings to the petitioner on the claims of Gary Holbert and George Holbert, under Federal Rule of Civil Procedure 52(c), following the close of the claimants' case-in-chief. The Court found and concluded that claimants had not sustained their burden of proving that the petitioner and its personnel acted negligently or that the claimants had suffered any monetary damages. Petitioner then continued with evidence in support of its claim for salvage damages.

■ Salvage awards are an important factor in preserving property and maintaining navigable riverways as courses for safe commerce and travel. *B.V. Bureau Wijsmuller v. United States,* 702 F.2d 333, 337 (2d Cir. 1983).

> In order to accomplish these purposes courts of admiralty do not view salvage awards therefore "merely as pay, on the principal of quantum meruit, or as a remu-

neration pro opere et labore, but as a reward given for perilous services, voluntarily rendered, and as an inducement to seamen and others to embark in such undertakings to save life and property." *The Blackwall*, 77 U.S. (10 Wall.) 1, 14, 19 L.Ed. 870 (1870); *see* [3A M. Norris, Benedict on Admiralty § 235 (6th ed.1980)]. For these reasons courts sitting in admiralty are liberal in fixing awards. *The Felix*, 62 F. [620, 622 (E.D.Pa.1894).]

*B.V. Bureau Wijsmuller*, 702 F.2d at 338. Recently, salvage damages were made available for the rescue of life as well as property. 46 U.S.C. § 729 (1976).

■ Petitioner is entitled to salvage damages, if it proved that Gary Holbert and his boat were in marine peril, that petitioner rendered him rescue service voluntarily and not because of any legal obligation, and that this rescue service was successful. *B.V. Bureau Wijsmuller*, 702 F.2d at 338. Each of these elements was proven by petitioner.

■ In this case, orally on the record at the conclusion of the trial, the Court found that petitioner was entitled to $500.00, based solely upon the Court's finding of the value of the salved Holbert motor boat. This award must be reconsidered, because the Court did not consider all of the relevant factors in determining the amount of the award. A salvage award must be based upon consideration of the degree of danger from which the life or property was rescued, the value of property saved, the risk to the rescuer incurred in the rescue efforts, the promptness and the skill employed by the rescuer, the value of the equipment used in the rescue efforts and the danger to which it and the lives of the rescuers were exposed, and the labor expended in the rescue efforts. *Id.*

The relevant findings support a reconsideration of the award made by the Court. Gary Holbert's life was saved from death. The value of the saved motor boat was $500. The rescuers departed the dock to render assistance with great speed; this promptness was an important factor in the rescue of Gary Holbert, because the Holberts were fast approaching the barge fleet. The captain of the Jill Carolyn used great navigation skills in maneuvering the tugboat and maintaining a position in the river which allowed the deckhands to save Gary Holbert's life. The deckhands used great strength to hold onto Holbert and to bring him onto the deck. The rescuers acted at the risk of their own injury or death and at the risk of petitioner losing its boat by capsizing. An award of $500 is insufficient under these circumstances.

Considering the applicable factors, including "[t]he 'intelligent guess' which an admiralty court must make," *id.* at 339 (quoting *The Rescue v. The George B. Roberts*, 64 F. 139, 140 (E.D.Pa.1894)), the Court finds and concludes that petitioner is entitled to a salvage award of $5,000.[1] At great risk to life and property, petitioner and its crew saved Gary Holbert's life. The value of human life is inestimable; Gary Holbert was only 52 years of age at the time of the rescue. An award of $5,000, comprised of $2,000 for the captain of the Jill Carolyn, $1,000 for each of the two deckhands, and $1,000 for the use of the MV Jill Carolyn, is a small price to pay for life.

This memorandum opinion and the oral findings of fact and conclusions of law rendered on the record on November 16, 1995, comprise the findings of fact and conclusions of law required of the Court by Rule 52(a), Federal Rules of Civil Procedure. An appropriate Judgment is issued herewith.

### JUDGMENT

The trial of this action was begun before the undersigned United States Magistrate Judge, sitting without a jury, by consent of the parties under 28 U.S.C. § 636(c)(3). On November 16, 1995, the Court orally on the record entered its findings of fact and conclusions of law and granted defendant's motion for judgment on partial findings at the close of the claimants' case, pursuant to Rule 52(c), Federal Rules of Civil Procedure. Also, with respect to the counterclaims of petitioner, the

---

1. The Court is mindful that Gary Holbert is receiving disability benefit income and is not a wealthy person. Whether or not the salvage award is recovered ultimately from Gary Holbert, the award satisfies important societal interests.

Court herewith files a written memorandum opinion.

In accordance with the aforesaid,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that claimants Gary Holbert, George Holbert, and John H. Conreux have and take nothing from petitioner American River Transportation Company. Said claims are dismissed with prejudice.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that petitioner American River Transportation Company have and take Five Thousand Dollars ($5,000) from claimant Gary Holbert on petitioner's counterclaim for salvage damages, plus interest thereon hereafter.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that claimants Gary Holbert and George Holbert, severally and jointly, shall pay the costs of the action incurred by petitioner American River Transportation Company.